**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NIJIEA BUNDY, | Civil Action No.:10-5101 (RBK) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| A.C.B.H., |  |
| Defendant. |  |

**APPEARANCES:**

Nijiea Bundy, Pro Se
#177764
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**KUGLER**, District Judge

　　Plaintiff, Nijiea Bundy, is currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of her constitutional rights. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed, without prejudice.

**BACKGROUND**

Plaintiff seeks to sue Atlantic Care Behavioral Health ("ACBH"). She states that she was falsely diagnosed as paranoid schizophrenic, and was taking medication. She states that the diagnosis "destroy[ed] [her] life." For relief, Plaintiff states that she would like compensation for the past ten years of mental stress and pain, her destroyed family life, and her lack of finances.

Plaintiff states that while at Atlantic County Justice Facility, she has seen a therapist who tells her that she is not schizophrenic.

**DISCUSSION**

**A.    Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In

2

Ashcroft, the Supreme Court hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ....  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

>     factual allegations, a court should assume their
>     veracity and then determine whether they plausibly give
>     rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct, with regard to Rule 8 allegations, a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

>     To determine the sufficiency of a complaint under
>     the [Iqbal] pleading regime ..., a court must take
>     three steps:  First, the court must "tak[e] note of the
>     elements a plaintiff must plead to state a claim."
>     Iqbal, 129 S.Ct. at 1947.  Second, the court should
>     identify allegations that, "because they are no more
>     than conclusions, are not entitled to the assumption of
>     truth."  Id. at 1950.  Finally, "where there are
>     well-pleaded factual allegations, a court should assume
>     their veracity and then determine whether they
>     plausibly give rise to an entitlement for relief."  Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

>     Every person who, under color of any statute,
>     ordinance, regulation, custom, or usage, of any State
>     or Territory ... subjects, or causes to be subjected,

4

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### C.  **Plaintiff's Complaint Must Be Dismissed**

Plaintiff's statement that for the past ten years she has been dealing with mental stress from this, and that it was the jail that told her she was misdiagnosed, indicates that her diagnosis pre-dated her incarceration.  Although unclear, it appears from the complaint that ACBH is not a state actor, as required to proceed with a lawsuit under § 1983.

It is well-settled that as a threshold matter, in order to state a claim for relief under § 1983, Plaintiff must allege that ACBH acted under color of state law and deprived her of a right established by the Constitution or the laws of the United States.

5

See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997).

The Fourteenth Amendment provides that "no State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1. T his particular Amendment governs only state action, not the actions of private citizens or organizations. See Rendell-Baker v. Kohn, 457 U.S. 830, 837-38 (1982) (citing, inter alia, Civil Rights Cases, 109 U.S. 3, 11 (1883)). Section 1983 subjects to liability those who deprive persons of federal constitutional or statutory rights "under color of any statute, ordinance, regulation, custom, or usage" of a state. See 42 U.S.C. § 1983; Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). Actions relating to "under color of law" are the equivalent of "state action" under the Fourteenth Amendment. See Rendell-Baker, 457 U.S. at 838; Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169 n. 1 (3d Cir. 2004). Accordingly, to state a claim of liability under § 1983, Plaintiff must allege that she was deprived of a federal constitutional or statutory right by a state actor. See Leshko, 423 F.3d at 339. Here, Plaintiff does not do so.

Further, even if ACBH were a state actor, a misdiagnosis will not necessarily rise to the level of a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A]

6

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Since there are many ways to treat an illness or ailment, courts generally do not hold prison doctors to the recommendations of other doctors. See White v. Napoleon, 897 F.2d 103, 109-10 (3d Cir. 1990).

Here, Plaintiff does not plead facts sufficient to demonstrate that defendant ACBH is a state actor, or that her constitutional rights were violated. As such, the complaint must be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim, under 28 U.S.C. §§ 1915(e) and 1915A. However, because Plaintiff may cure the deficiencies of the complaint to assert facts stating a claim, the dismissal is without prejudice. Plaintiff may file a motion to amend the complaint in accordance with the attached Order.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: July 21, 2011